UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAULA TILLMAN,

        Plaintiff,

     v.

MUTUAL OF OMAHA INSURANCE COMPANY,

        Defendant.

No. 2:26-cv-00025-SCR

ORDER

Now before the Court is Defendant Mutual of Ohama Insurance Company's motion to dismiss (ECF No. 5), which seeks dismissal of Count II of the complaint. Plaintiff has filed a Notice of Non-Opposition stating she "does not oppose defendant's motion to dismiss Plaintiff's second cause of action for fraud." ECF No. 11. The parties have consented to magistrate judge jurisdiction and this matter has been assigned to the undersigned for all proceedings. ECF No. 13. The motion to dismiss was taken under submission without oral argument on February 11, 2026. ECF No. 14. The Court now GRANTS the motion to dismiss Count II.

## I.    Procedural History and Background

Plaintiff filed this action in California state court on September 3, 2024. ECF No. 1-1. Plaintiff listed as Defendants Mutual of Omaha Insurance Company and Mutual of Omaha. *Id*. at

1

2. The Notice of Removal and supporting documents state that the real party in interest is Mutual of Omaha Insurance Company (hereafter Defendant) and that "Mutual of Omaha" as such does not exist. ECF No. 1-3 at 2. Plaintiff alleges that Defendant failed to pay benefits under a life insurance policy, and brings claims for breach of contract and fraud. Defendant removed the action on the basis of diversity of citizenship under 28 U.S.C. § 1332. ECF No. 1 at 3.

After removal, Defendant filed a motion to dismiss which seeks to dismiss Plaintiff's second claim for relief alleging fraud. ECF No. 5. Defendant asks for dismissal of the claim with prejudice, and for 14 days to file an answer to the complaint. ECF No. 5-2. Plaintiff filed a statement that she does not oppose dismissal of the fraud claim. ECF No. 11.

## II.    Analysis

Defendant argues that Count II failed to state a claim in that it failed to allege fraud with particularity as required by Federal Rule of Civil Procedure 9(b). ECF No. 5 at 6. Rule 9(b) requires that a party alleging fraud "must state with particularity the circumstances constituting fraud." A motion to dismiss a fraud-related complaint under Rule 9(b) for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim. *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1107 (9th Cir. 2003). "If insufficiently pled averments of fraud are disregarded, as they must be, in a complaint or claim grounded in fraud, there is effectively nothing left of the complaint." *Id.* The Rule 9(b) particularity requirement applies to state law causes of action, and this is true even where the Court's jurisdiction is based on diversity. *Id*. at 1103. Generally, a dismissal for failure to plead with particularity under Rule 9(b) should be without prejudice, and leave to amend be given, unless amendment would be futile. *Id.* at 1108.

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff has filed a Notice of Non-Opposition (ECF No. 11) and thus concedes that her allegations of fraud do not meet Rule 9(b)'s pleading standard.  Accordingly, the motion will be granted and Count II dismissed.  The Court however does not find that the motion establishes that leave to amend would be futile, and thus the general rule from *Vess* applies, and a dismissal pursuant to 9(b) should be without prejudice.  Plaintiff's non-opposition to the motion (ECF No. 11) may indicate she has no intention to seek leave to amend, but the Court will at this time dismiss the claim without prejudice.

**III.    Conclusion**

For the foregoing reasons, **IT IS HEREBY ORDERED**:

1)  Defendant's motion to dismiss (ECF No. 5) is GRANTED as to Count II alleging fraud, which is dismissed without prejudice;

2)  Defendant shall file an Answer to the complaint within 14 days; and

3)  The Court will set a Rule 16 scheduling conference via separate order.

SO ORDERED.

DATED: February 17, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

3